NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES LUZZI, | No. 20-55293 |
| Plaintiff-Appellant, | D.C. No. 8:18-cv-01506-JVS-JDE |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| HCL AMERICA INC. EMPLOYMENT BENEFIT PLAN, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 10, 2021**
Pasadena, California

Before: M. SMITH, MURGUIA, and OWENS, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

James Luzzi appeals the district court's judgment denying him long-term disability benefits in an action governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). Following a bench trial, the district court determined that Luzzi can perform "light work" and therefore is not "totally disabled" under his disability policy (the "Policy") with Unum Life Insurance Company of America ("Unum Life"). Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not err in failing to remand Luzzi's case so that Unum Life could apply the correct occupational standard, light work, in the first instance.[1] Indeed, when a district court reviews de novo a denial of benefits in the ERISA context, the district court "does not give deference to the [plan] administrator's decision, but rather determines *in the first instance* if the claimant has adequately established that he or she is disabled under the terms of the plan." *Muniz v. Amec Constr. Mgmt., Inc.*, 623 F.3d 1290, 1295–96 (9th Cir. 2010) (emphasis added).

---

[1] The parties stipulated to the district court conducting a de novo review—which means that Unum Life did *not* have discretionary authority to construe the Policy—and therefore a remand was not required. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989) (stating that a denial of benefits in the ERISA context must "be reviewed under a *de novo* standard unless the benefit plan gives the plan administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan").

Here, because the district court conducted a de novo review, the district court had authority to apply the light-work standard and determine, in the first instance, whether Luzzi was "totally disabled" under his Policy with Unum Life. *See id.*

2. The district court's factual finding—that Luzzi's medical evidence failed to satisfy his burden of showing he was totally disabled—was not clearly erroneous. The "clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted). In the district court, Luzzi relied on Dr. Jeffrey Deckey's medical records to show that his back condition rendered him "totally disabled."

The district court correctly found that Dr. Deckey provided inconsistent medical conclusions regarding Luzzi's back condition. Because the district court determined that Dr. Deckey's inconsistent medical conclusions lacked credibility and did not support Luzzi's disability claim, the district court concluded that Luzzi failed to meet his burden of showing that he was "totally disabled."

Luzzi also cites an ALJ's decision denying him social security benefits but stating that he cannot perform light work; that decision was based in part on a knee condition excluded under the Policy. Luzzi additionally cites a medical opinion by Dr. Stephen Weiss that concluded he was "*temporarily* totally disabled" in June

2017, but that opinion was issued almost one year before Unum Life determined that Luzzi was not "totally disabled." We do not have "a definite and firm conviction" that the district court committed a mistake. *See id.* (internal quotation marks omitted).

**AFFIRMED**.